UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re
SARAH HUBERTY,
Debtor

Chapter 7
Case No. 18-30374-EDK

ORDER ON
TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE
SALE OF PROPERTY OF THE ESTATE

(30 CROSS STREET, WESTFIELD, MASSACHUSETTS)

This matter having come before the Court upon the motion and notice of Trustee's intent to sell property of the estate, free and clear of liens and encumbrances ("Motion"), specifically to sell the estate's right, title and interest in real estate located at 30 Cross Street, Westfield, Massachusetts, in a deed recorded in the Hampden County Registry of Deeds at Book 14578, Page 565 (the "Property"), free and clear of all liens, claims, mortgages, security interests, charges, encumbrances, and other interests, to Kenneth Byron Beagle and Kate Marie Malloy (the "Purchasers") or their nominee; and the Court finding that notice has been properly given to parties in interest; and Webster Bank, N.A. having withdrawn its objection to the Motion, and no other objections or higher bids having been timely made; and the Court conducting a hearing on August 29, 2019 and finding that the sale, on the terms described in the Motion is appropriate; and the Court finding that the Purchasers are good faith purchasers, as that term is used in §363(m) of the Bankruptcy Code, and entitled to the protections provided such sections:

The Court finds that the Motion constitutes a core proceeding, pursuant to 28 U.S.C.

§157(b)(2)(M), and that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The Court further finds that the sale is authorized under 11 U.S.C. §363(b) and (f).

IT IS ORDERED that the Trustee's Motion shall be and hereby is allowed, and the Trustee is hereby authorized to sell the estate's interest in the Property to the Purchasers or their nominee, for the sum of $118,700.00, plus a "buyer's premium", so-called, of $8,000.00.  The Property is being sold without recourse, and "as is, where is".

IT IS FURTHER ORDERED that such sale shall be free and clear of all liens and encumbrances, including but not limited to the mortgage currently held or serviced by Bank of America, recorded in the Hampden County Registry of Deeds at Book 16453, Page 484, with valid liens to attach to the proceeds in their order of priority. If the Purchasers do not complete the sale, the deposit of $3,000.00 may be forfeited.

IT IS FURTHER ORDERED that the Trustee is authorized to make the following distributions from the proceeds of the sale: to real estate taxes and municipal charges, ordinary closing costs, insurance premiums incurred by the Trustee, any maintenance expenses associated with the Property, the broker's commission of $6,180.00 (which includes the fee payable to BK Global Real Estate Services, LLC), the buyer's premium of $8,000.00 to be retained by the Trustee, from which the Trustee's administrative expenses will be paid, and the remainder to Bank of America.  The proceeds held by the Trustee will be held subject to any other existing liens and encumbrances, if any, to the extent of their amount, perfection and priority, pending further order of the Court; provided, however, that to the extent it is determined that any party has a perfected lien upon the Property, the fees and expenses incurred by the Trustee in connection with the sale of the

Property, constitute reasonable and necessary expenses of preserving and disposing of the Property, and may be recovered from the proceeds of the sale, pursuant to 11 U.S.C. §506(c).

    The 14 day stay in Bankruptcy Rule 6004(h) is hereby vacated.

    Dated this _____ day of August, 2019.

_____
ELIZABETH D. KATZ
Bankruptcy Judge

18\0162\Sale\Order.Sale.1602